IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAWRENCE E HICKS-EL, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-1079-E-BK |
| | § | |
| WALNUT HILL TX PARTNERS LLC, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court are *Defendant Walnut Hill TX Partners LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5) and Brief in Support Thereof*, Doc. 6; *Defendant Walnut Hill TX Partners LLC's Motion to Dismiss for Lack of Standing and Brief in Support Thereof*, Doc. 13; and *Plaintiff's Motion for Reconsideration of Order Dismissing for Lack of Standing*,[1] Doc. 15. As detailed here, *Defendant Walnut Hill TX Partners LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)*, Doc. 6, should be **GRANTED**, and, consequently, the other two remaining motions should be **TERMINATED AS MOOT**.

---

[1] *Plaintiff's Motion for Reconsideration of Order Dismissing for Lack of Standing*, Doc. 15, seeks reconsideration of an order of dismissal that was never issued. The pleading appears to instead contest *Defendant PHH Mortgage Corporation's Amended Motion to Dismiss Defendant Walnut Hill TX Partners LLC's Motion to Dismiss for Lack of Standing and Brief in Support Thereof*, Doc. 13. Thus, the Court liberally construes the motion as Plaintiff's response to Doc. 13.

## I.  BACKGROUND AND PROCEDURAL HISTORY

Plaintiff initiated this civil action by filing a *pro se* Complaint on May 1, 2025, "seek[ing] redress for [Plaintiff's] fraudulent eviction. . . by Walnut Hill TX Partners LLC (Defendant). Plaintiff asserts, *inter alia*, a laundry list of "Causes of Action," including violations of the Truth in Lending Act, Texas Property Code §§ 92.103-104, and the Due Process Clause of the Fourteenth Amendment, as well as claims for fraud and misrepresentation and unjust enrichment.  Doc. 3 at 2.

On June 13, 2025, Defendant filed its motion to dismiss under FED. R. CIV. P. 12(b)(5), alleging that it has not been properly served.  Doc. 6 at 2.  Defendant argues that service was deficient because Plaintiff purportedly attempted to serve Defendant's registered agent for service himself.  Doc. 6 at 2 (citing Doc. 7, Plaintiff's Certificate of Service).  Plaintiff did not file a response to the motion but filed instead *Plaintiff's Reply in Support of Motion for Default Judgment*, Doc. 9, and *Declaration of Service and Supporting Exhibits*, Doc. 10—the latter confirming that Plaintiff himself attempted service by certified mail on Defendant's agent.  Doc. 10 at 1-2.

## II. ANALYSIS

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may challenge the plaintiff's method of service or the lack of proper delivery of the summons and complaint.  *See* FED. R. CIV. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013) (citations omitted).  When such a challenge is lodged, the party responsible for service has the "burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted).

In a fee paid case, such as this, the plaintiff is solely responsible for causing summons to issue and serving a copy of the summons along with the complaint on the defendant. FED. R. CIV. P. 4(b)-(c)(1). And, as relevant here, "[a]ny person who is at least 18 years old and ***not a party*** may serve a summons and complaint." FED. R. CIV. P. 4(c)(2) (emphasis added).

Further, valid service of process must be accomplished within 90 days after the complaint is filed, unless good cause is shown, or the case must be dismissed. FED. R. CIV. P. 4(m). "Good cause" under Rule 4(m) is defined as "at least as much as would be required to show excusable neglect ... simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995) (quoting *Winters v. Teledyne Movible Offshore Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Additionally, "good cause" normally requires a showing of good faith on the serving party and "some reasonable basis for noncompliance within the time specified." *Id.* Moreover, a plaintiff's *pro se* status does not excuse the failure to properly effectuate service. *Sys. Signs Supplies*, 903 F.2d at 1013 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Here, Plaintiff readily admits that he personally served summons on Defendant by certified mail.[2] Doc. 7; Doc. 10. And because Rule 4(c)(2) clearly prohibited Plaintiff from doing so, Defendant was not properly served.

Additionally, Plaintiff has not demonstrated good cause for his failure to properly serve defendant. As mentioned *supra*, Plaintiff failed to file a response to the instant motion to dismiss and instead moved for default judgment ***while admitting that he personally served Defendant's agent***. And the time to effect service has long since passed. Moreover, in the intervening nine

---

[2] Service via certified mail is a valid method. *See* FED. R. CIV. P. 4(e)(1) (authorizing service under the laws of the state in which the district court sits or where service is made); TEX. R. CIV. P. 106(a)(2) (authorizing service via certified or registered mail).

months since Plaintiff was placed on notice of his error by Defendant's motion, Plaintiff has done nothing to remedy the deficient service of process. But Plaintiff has continued to file other pleadings. *See, e.g.,* Doc. 15 (*Plaintiff's Motion for Reconsideration of Order Dismissing for Lack of Standing* filed July 10, 2025); Doc. 16 (additional attachments to Complaint filed July 11, 2025); Doc. 18 (*Notice to Court of Temporary Pacer Access Issues* filed October 7, 2025). However, neither of Plaintiff's subsequent filings addresses service of process or the lack thereof.

Where a plaintiff has not demonstrated good cause, it is within the court's discretion to dismiss the case or extend time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Under the circumstances outlined *supra*, which indicate Defendant's failure to remedy his deficient attempt to serve process was, at minimum, not the product of mistake, dismissal is appropriate here.

Generally, such dismissal is without prejudice. Even so, when a litigant may be barred by the statute of limitations from reasserting his claims, dismissal without prejudice is akin to a dismissal with prejudice and the court must apply a higher standard of review. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (concluding that where limitations prevents or could prevent further litigation, the court may dismiss only when there is a clear record of delay or contumacious conduct by the plaintiff, and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile). Here, the Complaint is at minimum, inartfully pled; thus, to the extent that Plaintiff has stated any viable claims (or any that can be liberally construed as such), it is not apparent whether refiling of one or more would be barred by limitations. Thus, the Court applies the higher standard here.

In applying the higher standard, the court must find "at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Id.*

Those requisites are met here.  This case has been pending for over ten months, and despite being placed on notice by Defendant's motion of the deficiency in service and the legal reasons therefore, Plaintiff instead doubled down, seeking default judgment rather than curing the defects.  And since Plaintiff is representing himself, the delay caused by his failure to do so is also attributable to him alone.  *See Berry*, 975 F.2d at 1191.  Moreover, considering that the Court lacks the ability to exercise personal jurisdiction over Defendant until it is properly served, no lesser sanction will prompt diligent prosecution of this case.  Indeed, as the last nine months have illustrated, the case cannot proceed absent proper service.

Under these circumstances, the Court should exercise its discretion to dismiss under Rule 4(m) even if limitations may prevent further litigation of Plaintiff's claims.

## III. CONCLUSION

For reasons outlined here, *Defendant Walnut Hill TX Partners LLC's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)*, Doc. 6, should be **GRANTED** and this case should be **DISMISSED WITHOUT PREJUDICE**.  As this action will render moot *Defendant Walnut Hill TX Partners LLC's Motion to Dismiss for Lack of Standing and Brief in Support Thereof*, Doc. 13, and *Plaintiff's Motion for Reconsideration of Order Dismissing for Lack of Standing*,[3] Doc. 15, both should be **TERMINATED AS MOOT**.  Finally, as no claims will remain pending, the Clerk of Court should be directed to close the case.

---

[3] Again, *Plaintiff's Motion for Reconsideration of Order Dismissing for Lack of Standing*, Doc. 15, is a response to Doc. 13, which was erroneously docketed as a motion.

**SO RECOMMENDED** on March 13, 2026

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).